UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JACKELINE DELGADO, | § § § |
| Plaintiff, | § § |
| | § Case No.: |
| v. | § § |
| FORWARD AIR CORPORATION, | § TRIAL BY JURY DEMANDED |
| | § § |
| Defendant. | § |

## ORIGINAL COMPLAINT AND REQUEST FOR INJUCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE: [1]

Jackeline Delgado, (hereinafter "Plaintiff"), complains of Forward Air Corporation, (hereinafter "Defendant") and for cause of action would show the Court as follows:

## INTRODUCTION

1.  Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2.  Plaintiff files this Complaint and complains of discrimination on the basis of sex, sexual harassment based on a hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, as amended.

---

[1] For the Court's information, Plaintiff's counsel who prepared this document, Edwin Villa, is visually impaired, and uses assistive technology when drafting documents. In particular, counsel relies on screen reader technology, which reads aloud as the document is being typed. As a result, certain typographical and formatting issues are difficult to recognize. Therefore, please forgive any such issues in this document.

1

3. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney's fees, emotional distress and mental anguish, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

4. Plaintiff, Jackeline Delgado, is a resident of Hialeah, Florida.

5. Defendant, Forward Air Corporation, is a corporation incorporated in Tennessee and is authorized to do business in the state of Florida, and process may be served by mail or in person to its registered agent, Cogency Global, Inc., located at 115 North Calhoun St., Suite 4, Tallahassee, Florida., 32301.

## VENUE

6. Venue is appropriate in the United States District Court for the Southern District of Florida—Miami Division in that Defendant's office in which Plaintiff worked, and the area where she performed services for Defendant, is located in this district and division. Therefore, Defendant can be said to reside/or do business in this district and division as required under 28 U.S.C. § 1391.

## JURISDICTION

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under Title VII of the Civil Rights Act of 1964, as amended.

8. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

9. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter from said agency to pursue her claims.

10. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on or about July 30, 2019.

11. The EEOC issued a Notice of Right to Sue letter entitling her to file suit for discrimination based on sex and retaliation, on May 20, 2020.

12. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

13. Plaintiff is a female.

14. Plaintiff began working for Defendant on or about June 15, 2007 at Defendant's Miami location located at 3405-A NW 72nd Avenue Miami, Florida 33122.

15. At the time of Plaintiff's termination, Plaintiff was working as a customer service agent.

16. Plaintiff demonstrated sustained performance excellence while employed by Defendant and was qualified for her position.

17. In late 2018, Plaintiff filed a formal complaint with Defendant's HR department about many male employees and male managers that routinely acted in sexually offensive and inappropriate ways.

18. Specifically, Plaintiff reported the use of vulgar and explicit sexual language that was commonly used by male employees and managers when discussing graphic and inappropriate acts of a sexual nature.

19. These behaviors had specifically become rampant under the supervision of managers Freddy Cuellas and Jorge Beades.

20. Many of the issues Plaintiff reported involved Jose Antonio Fayas, who repeatedly acted in sexual inappropriate ways towards female employees.

21. However, Defendant failed to promptly investigate Plaintiff's complaints, and as a result, Plaintiff was forced to continue to work in a sexually charged hostile work environment that preyed upon female employees.

22. In fact, on one occasion Mr. Fayas verbally assaulted Plaintiff and threatened Plaintiff as if he was going to attack Plaintiff.

23. This unacceptable incident occurred because Plaintiff is a female and Mr. Fayas commonly only treated female employees in this manner, a fact that Defendant was fully aware of.

24. This type of sexual harassment was a direct result of the hostile work environment allowed to persist by Defendant.

25. Plaintiff also reported this incident to Defendant's HR department, but nothing was ever done about Mr. Fayas' discriminatory and hostile behavior.

26. In both March and April of 2019, Plaintiff again complained to Defendant's HR department regarding the sexual discrimination she was enduring and the hostile work environment.

27. In April of 2019, Defendant's HR department conducted an investigation into Plaintiff's complaints, but the situation never changed.

28. Instead, Plaintif was retaliated against by male members of Defendant's management, including Jose Martinez, who verbally harassed Plaintiff, and ultimately Franklin Jimenez and Jacques Fernandez who created a completely fabricated allegation in order to justify their retaliatory and wrongful termination of Plaintiff.

29. On May 29, 2019, Plaintiff was terminated in retaliation for complaining about the discrimination and hostile work environment that she was forced to endure.

30. Instead of addressing the serious issues Plaintiff brought to the attention of Defendant's HR department regarding the inappropriate behavior of male employees, Defendant discriminated against Plaintiff because Plaintiff is female and ultimately retaliated against Plaintiff by terminating Plaintiff's employment.

## COUNT I
## DISCRIMINATION ON THE BASIS OF SEX UNDER TITLE VII

31. Plaintiff re-alleges and incorporates into count one, paragraphs 1-30.

32. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, as amended, and directly discriminated against Plaintiff because of her sex, by harassing her and firing her due to her sex, while at the same time, failing to terminate male employees who egregiously violated company policy.

33. Defendant, by and through its agents, has maintained a policy of sex discrimination in violation of the foregoing statute against Plaintiff.

34. If Plaintiff were not female, she would not have been harassed, treated poorly, and unlawfully discharged.

## COUNT II
## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT UNDER TITLE VII

35. Plaintiff re-alleges and incorporates into count two, paragraphs 1-34.

36. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, as amended, and directly failed to protect Plaintiff from a hostile work environment.

37. Defendant, by and through its agents, has maintained a hostile work environment in violation of the foregoing statute against Plaintiff.

38. Defendant failed to protect Plaintiff from a hostile work environment by failing to take prompt remedial action to protect Plaintiff from sexual harassment and the offensive behavior, previously discussed, enacted by male employees.

## COUNT III
## RETALIATION UNDER TITLE VII

39. Plaintiff re-alleges and incorporates into count one, paragraphs 1-38.

40. Plaintiff engaged in a protected activity when she complained of what she reasonably believed to be unlawful discrimination and a hostile work environment.

41. Defendant was put on notice that Plaintiff was complaining of what she reasonably believed to be unlawful employment practices under Title VII.

42. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by Title VII because of Defendant's retaliation for complaints of discrimination and a hostile work environment.

43. Defendant, acting by and through its employees, maintained a policy of retaliation, in violation of the foregoing statute against Plaintiff.

44. If Plaintiff had not engaged in a protected activity, she would not have been terminated.

## DAMAGES

45. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## EXEMPLARY DAMAGES

46. Defendant's actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain and suffering. The wrongs done by Defendant were aggravated by their willfulness, wantonness and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ATTORNEY'S FEES

47. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE AND ASSOCIATES, PLLC, in order to initiate and represent Plaintiff throughout this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

48. Plaintiff hereby makes her request for a jury trial.

## INJUNCTIVE RELIEF

49. Plaintiff seeks injunctive relief requiring Defendant to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with Title VII and who violate Federal statutory protection against discrimination.

50. Plaintiff seeks injunctive relief requiring Defendant to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints. Such specific actions include, but are not limited to:

   a. allocation of significant funding and trained staff to implement all changes within two years;

   b. discipline managers who have violated the company's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

   c. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

   d. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

   e. mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions;

   f. eliminating the backlog of current EEO cases alleging discrimination, harassment and reprisal; and

   g. reinstatement of Plaintiff.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a. Back Pay;

    b. Pre-Judgment Interest on Back Pay;

    c. Front Pay;

    d. Compensatory Damages, including but not limited to emotional distress;

    e. Punitive Damages;

    f. Injunctive and Affirmative Relief;

    g. Attorney's Fees and Costs;

    h. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

Dated: August 17, 2020                                                       Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

*/s/ Lisa Kuhlman*
**Lisa Kuhlman**
FL Bar #978027
Email:  lisa.kuhlman@coane.com
**Arthur Mandel**
FL Bar # 22753
Email: arthur.mandel@coane.com
Edwin Villa, Of Counsel
TX Bar # 24110485
Email: Edwin.villa@coane.com
Coane and Associates, PLLC
1250 E Hallandale Beach Blvd., Suite 303
Hallandale Beach, Florida 33009
Telephone:305 538 6800
Facsimile: 713 850 8528

***ATTORNEYS FOR PLAINTIFF***